IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REX CHAPPELL,

        Plaintiff,              No. CIV S-02-2299 GEB KJM P

   vs.

D. MCCARGAR, et al.,

        Defendants.       ORDER

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Three matters are before the court.

1. <u>Motion For Recusal</u>

        Plaintiff has filed a motion asking that the undersigned recuse. Plaintiff has presented no legal cause for recusal. <u>See</u> 28 U.S.C. § 455. His request will be denied.

2. <u>Motion To Compel</u>

        On May 30, 2006, plaintiff filed a motion asking that defendants be ordered to respond to his "First Set of Interrogatories Combined With Request For Production Of Documents." Defendants assert they should not have to respond to any of the discovery requests in this document because:

/////

1

> Plaintiff lumped all of his interrogatories and requests for production into one document without clearly designating which interrogatories were common and which only applied to a specific party.

Opp'n at 2:11:13.

The court has reviewed plaintiff's "First Set of Interrogatories . . ." Defendants' objection is not well taken. Of all the interrogatories, only numbers 1-3 are not directed at specific defendants. Interrogatories 1-3 are the sort of "common questions" provided for by the treatise defendants point to. The omission of a heading to more clearly identify the questions as "common," when such a heading is not required by the Federal Rules or controlling Ninth Circuit authority, is a technical violation at best that should not stand between plaintiff and a straightforward response from defendants.

Plaintiff requests that defendants be sanctioned for their failure to answer plaintiff's "First Set of Interrogatories . . ." The court finds that, under the circumstances, an award of sanctions is unjust. See Fed. R. Civ. P. 37(a)(4)(a). No sanctions will be awarded in connection with plaintiff's motion to compel.

3. <u>Defendants' Motion For Summary Judgment</u>

On August 16, 2006, defendants filed a motion for summary judgment. In light of the fact that defendants will be ordered to respond to some of plaintiff's interrogatories, defendants' motion will be denied without prejudice to renewal no earlier than sixty days and no later than ninety days from the date of this order.

Also, the court will vacate the dates established in the court's March 24, 2006 scheduling order for the filing of pretrial statements, pretrial conference and trial. Those dates will be reset later, if necessary.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's October 13, 2006 request that the undersigned recuse is denied.

/////

2

      2. Plaintiff's May 30, 2006 motion to compel is granted in part and denied in part as follows:

      A. Within twenty days, defendants shall respond to common interrogatories 1-3, and each defendant shall respond to each other interrogatory in plaintiff's "First Set of Interrogatories. . ." that is directed to that defendant.

      B. Plaintiff's motion is denied in all other respects.

      3. Defendants' motion for summary judgment is denied without prejudice to renewal no earlier than sixty days and no later than ninety days from the date of this order. Plaintiff also may file a motion for summary judgment during this time frame.

      4. The dates established in the court's March 24, 2006 scheduling order for the filing of pretrial statements, pretrial conference and trial are vacated. Those dates will be reset later, if necessary.

DATED: December 15, 2006.

_____
U.S. MAGISTRATE JUDGE

1
chap2299.57