1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   REX CHAPPELL,

11              Plaintiff,                    No. CIV S-02-2299 GEB KJM P

12        vs.

13   D. MCCARGAR, et al.,                     ORDER AND

14              Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16              Plaintiff is a California prisoner proceeding pro se with an action for violation of

17   civil rights under 42 U.S.C. § 1983.  Defendants McCargar, Pliler, Martel and Hamad are all

18   employees of the California Department of Corrections and Rehabilitation (CDCR).  Three

19   matters are before the court, including defendants' motion for summary judgment.

20   1.  Contempt

21              On January 24, 2007, plaintiff filed a motion asking that defendants be held in

22   contempt of court for not complying with the court's December 18, 2006 order regarding

23   discovery.  In their April 3, 2007 reply brief concerning their motion for summary judgment,

24   defendants indicate that they did comply with the court's order; plaintiff has not contested this

25   representation.  In light of defendants' representation in their reply brief, plaintiff's motion for

26   sanctions will be denied.

1    2.  Defendants' Motion For Summary Judgment[1]

2            A.  Summary Judgment Standard

3            Summary judgment is appropriate when it is demonstrated that there exists "no

4    genuine issue as to any material fact and that the moving party is entitled to a judgment as a

5    matter of law."  Fed. R. Civ. P. 56(c).

6            Under summary judgment practice, the moving party

7            always bears the initial responsibility of informing the district court
             of the basis for its motion, and identifying those portions of "the
8            pleadings, depositions, answers to interrogatories, and admissions
             on file, together with the affidavits, if any," which it believes
9            demonstrate the absence of a genuine issue of material fact.

10   Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the

11   nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary

12   judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers

13   to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered,

14   after adequate time for discovery and upon motion, against a party who fails to make a showing

15   sufficient to establish the existence of an element essential to that party's case, and on which that

16   party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof

17   concerning an essential element of the nonmoving party's case necessarily renders all other facts

18   immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as

19   whatever is before the district court demonstrates that the standard for entry of summary

20   judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

21   /////

22

23          [1] Plaintiff argues that defendants' motion for summary judgment is not timely.  March
     30, 2007 Opp'n.  In an order filed December 18, 2006, the court informed defendants that they
24   could renew their motion for summary judgment within 90 days.  While the order is signed
     December 15, the 90 days begins from the day of filing because the order has no force until filed.
25   The 90 days ran out on March 18, 2007 which was a Sunday.  Therefore, under Federal Rule of
     Civil Procedure 6(a), defendants had until March 19, 2007 to renew their motion, which is the
26   day they did so.

1    If the moving party meets its initial responsibility, the burden then shifts to the

2    opposing party to establish that a genuine issue as to any material fact actually does exist.  See

3    Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to

4    establish the existence of this factual dispute, the opposing party may not rely upon the

5    allegations or denials of its pleadings but is required to tender evidence of specific facts in the

6    form of affidavits, and/or admissible discovery material, in support of its contention that the

7    dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party

8    must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

9    of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

10   (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

11   1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

12   return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,

13   1436 (9th Cir. 1987).

14   In the endeavor to establish the existence of a factual dispute, the opposing party

15   need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

16   claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

17   versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary

18   judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

19   genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

20   committee's note on 1963 amendments).

21   In resolving the summary judgment motion, the court examines the pleadings,

22   depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

23   any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,

24   477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

25   court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.

26   Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

On January 1, 2003 the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

B.  Plaintiff's Allegations[2]

1.  Denial of Access To Courts

In his amended complaint, which is signed under the penalty of perjury, plaintiff alleges that defendants Hamad[3] and McCargar confiscated an opening brief plaintiff planned on filing in the Ninth Circuit Court of Appeals in Chappell v. Rios, Ninth Circuit Case No. 00-17210.  Am. Compl. ¶¶ 23-25.  Plaintiff explained to defendant Martel what had happened, but Martel refused to do anything about it.  Id. ¶¶ 26-27.  Plaintiff wrote to defendant Pliler, but she also refused to take any action.  Id. ¶ 29.  Plaintiff asserts that because he could not file his opening brief, his case was dismissed.  Id. ¶ 31.  Plaintiff believes he would have prevailed in his appeal.  Id.

/////

/////

/////

---

[2]  Plaintiff makes several allegations in his October 30, 2002 amended complaint.  The court identifies only those allegations that, when considered by themselves or with other allegations, support cognizable federal claims.

[3]  Defendant Hamad is identified as defendant Hoffman in plaintiff's amended complaint.

4

2. Retaliation

Plaintiff asserts the actions described above were taken by defendants McCargar and Hamad in retaliation for plaintiff's having filed complaints regarding prison law library procedures. Am. Compl. ¶ 8.

C. Defendants' Arguments And Analysis

1. Denial Of Access To Courts

Plaintiff has a Constitutional right of access to the courts, see, e.g., Bounds v. Smith, 430 U.S. 817, 821 (1977), which plaintiff alleges was abridged by the confiscation of his opening brief. Defendants present two arguments as to why they should be granted summary judgment with respect to this claim.

First, defendants claim that plaintiff did not have a Constitutional right of access to courts with respect to his appeal in Chappell v. Rios. Along with court actions challenging their convictions or sentences, prisoners have a Constitutional right of access to courts with respect to claims involving their conditions of confinement. Lewis v. Casey, 518 U.S. 343, 355 (1996). In his complaint in Chappell v. Rios, plaintiff alleges prison officials conspired to open and read his confidential legal mail. See Docket Entry #33 at 3 (characterization in Ninth Circuit's memorandum decision reversing this court's prior dismissal of this case). The handling of plaintiff's legal mail by prison officials is a condition of his confinement. See Porter v. Nussle, 534 U.S. 516, 532 (2002) (cases concerning "prison conditions" under the Prison Litigation Reform Act include all cases "about prison life"). Defendants' first argument must be rejected.

Second, defendants assert plaintiff was not denied access to the courts by the confiscation of his opening brief because the appeal at issue was actually dismissed after plaintiff failed to pay the filing fee. Mot. at 6:25-8:7. Defendants presented this argument to the Ninth Circuit after this matter had been dismissed pursuant to defendants' February 15, 2003 motion to dismiss; the argument was rejected. See Docket Entry #33 at 4-5. On summary judgment,

1  defendants fail to present anything further, such as different and material facts, that would

2  provide a basis for this court's revisiting defendants' argument.  Therefore, it must be rejected.

3          2.  Retaliation

4          Prison officials generally may not retaliate against prisoners if prisoners exercise

5  rights guaranteed to them under the First Amendment.  In order to be successful on a First

6  Amendment retaliation claim against prison officials, a prisoner must present facts indicating he

7  was retaliated against for exercising his Constitutional rights and that the retaliatory action did

8  not advance legitimate penological goals, such as preserving institutional order and discipline.

9  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).  A prisoner must show that the retaliation

10  resulted in some sort of injury, such as a chilling of the inmate's exercise of his First Amendment

11  rights.  See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

12          Defendants argue they are entitled to summary judgment because plaintiff cannot

13  show that the exercise of his First Amendment rights has been chilled by defendants.  Mot. at

14  10:5-11:9.  However, plaintiff need not make such a showing because plaintiff alleges he was

15  denied access to the Ninth Circuit as a result of defendants' retaliation.  The Ninth Circuit has

16  already found that plaintiff's allegation of denial of access to the Ninth Circuit is a sufficient

17  allegation of injury for plaintiff to proceed with his retaliation claims.  See Docket Entry #33

18  at 5.

19          Finally, defendants argue they are entitled to summary judgment as to plaintiff's

20  retaliation claims because plaintiff cannot show that defendant McCargar refused to photocopy

21  plaintiff's legal documents in retaliation for plaintiff's engaging in protected activity.  Mot. at

22  9:3-4.  However, whether defendant McCargar denied plaintiff photocopy services is not

23  necessarily a material aspect of plaintiff's remaining claims.  As noted above plaintiff is

24  proceeding on his claim that defendants confiscated his opening brief in Chappell v. Rios for

25  retaliatory purposes.

26  /////

6

1         Notwithstanding the foregoing, the court will recommend that plaintiff's

2  retaliation claims against defendants Martel and Pliler be dismissed under Federal Rule of Civil

3  Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(b)(ii) because plaintiff fails to allege that these

4  defendants' actions were taken for retaliatory purposes.

5      D.  <u>Conclusion</u>

6         For the foregoing reasons, the court will recommend that defendants' motion for

7  summary judgment be denied.

8  3.  <u>Plaintiff's Request For A Settlement Conference</u>

9         Plaintiff requests that the court hold a settlement conference.  Good cause

10  appearing, defendants shall file a response to plaintiff's request within fifteen days.

11         In accordance with the above, IT IS HEREBY ORDERED that:

12         1.  Plaintiff's January 24, 2007 motion asking that defendants be held in contempt

13  is denied; and

14         2.  Defendants shall file a response to plaintiff's March 30, 2007 request for a

15  settlement conference within fifteen days.

16         IT IS HEREBY RECOMMENDED that:

17         1.  Defendants' March 19, 2007 motion for summary judgment be denied; and

18         2.  Plaintiff's First Amendment retaliation claims against defendants Pliler and

19  Martel be dismissed.

20         These findings and recommendations are submitted to the United States District

21  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

22  days after being served with these findings and recommendations, any party may file written

23  objections with the court and serve a copy on all parties.  Such a document should be captioned

24  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

25  shall be served and filed within ten days after service of the objections.  The parties are advised

26  /////

that failure to file objections within the specified time may waive the right to appeal the District

Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 11, 2007.

_____
U.S. MAGISTRATE JUDGE

1
chap2299.57

8