IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REX CHAPPELL,                            )
                                         )      2:02-cv-02299-GEB-GGH-P
                    Plaintiff,           )
                                         )      <u>TENTATIVE RULING AND TRANSMITTAL</u>
                                         )      <u>TO PARTIES OF TRIAL DOCUMENTS</u>
          v.                             )
                                         )
D. MCCARGAR et. al.,                     )
                                         )
                    Defendants.          )
_____   )

          Attached are preliminary jury instructions, closing jury instructions and a verdict form, created based on what Defendants filed, and the Ninth Circuit's decision in this case.  No Party filed proposed voir dire.

          Defendants' proposed jury instructions on the substantive claims are modified for the purpose of "help[ing] the jurors to concentrate on the question[s] at hand:" the concrete disputed elements in Plaintiff's First Amendment claims. <u>Achor v. Riverside Golf Club</u>, 117 F.3d 339, 341 (7th Cir. 1997).  It is unnecessary to instruct the jury on 42 U.S.C. § 1983 as Defendants propose in

1

their jury instruction number 18.  That instruction contains two
elements: color of law and a general reference to Plaintiff's
"particular rights under the United States Constitution . . . ."
Plaintiff's allegations "plainly fall within the ambit of actions
taken under color of law;" therefore it is unnecessary to instruct
the jury on this issue, and Defendants' counsel should know this
issue is undisputed. <u>United States v. Giordano</u>, 442 F.3d 30, 44
(2nd Cir. 2006).  Further, a court should avoid instructing jurors
in "formal terminology . . . suited more to lawyers than to lay
deciders;" especially, in the situation here where it obvious
Plaintiff has proved this portion of his 42 U.S.C. § 1983 claim.

Further, the second element in Defendants' proposed jury
instruction number 20 is unnecessary.  This element states the
following: "that [Plaintiff] suffered an actual injury. An actual
injury is defined as a non-frivolous legal claim, challenging a
prisoner's condition of his confinement had been frustrated or
impeded."  The Ninth Circuit has already found that the underlying
claims in Plaintiff's appellate brief, which Plaintiff alleges
Defendants prevented him from filing in his Ninth Circuit appeal,
are "nonfrivolous." <u>Rex Chappell v. D. McCargar et al.</u>, No. 02-cv-
02299-GEB-KJM, slip op.at 4 (9th Cir. October 4, 2005).  Therefore,
Plaintiff has satisfied this element.

Lastly, the fourth element in Defendants' proposed jury
instruction number 21 has been modified in accordance with the
Ninth Circuit's following discussion in <u>Rhodes v. Robinson,</u> 408
F.3d 559, 567-68, n. 11 (2005): "If Rhodes had not alleged a
chilling effect, perhaps his allegations that he suffered harm
would suffice, since harm that is more than minimal will almost

always have a chilling effect.  Alleging harm and alleging the chilling effect would seem under the circumstances to be no more than a nicety."

The attached substantive jury instructions eliminate unnecessary language in Defendants' proposed jury instructions, such as the following in element two of Defendants' proposed jury instruction number 18: "the acts of Defendants deprived the Plaintiff of his particular rights under the United States Constitution as explained in later instructions."  Since Plaintiff has two First Amendment claims, the focus of the instructions should be on those claims.  It is unnecessary to waste time and words telling the jury that "the acts of Defendants deprived the Plaintiff of his particular rights under the United States Constitution as explained in later instructions."

The parties will be given an opportunity to address the closing jury instruction later in the proceeding; the parties' focus should be on attached substantive jury instructions numbers 9 and 10.

Dated:  October 2, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14              **PRELIMINARY JURY INSTRUCTIONS**
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 1**

Ladies and gentlemen: You are now the jury in this case.  It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**INSTRUCTION NO. 2**

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else.  Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

**INSTRUCTION NO. 3**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**INSTRUCTION NO. 4**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**INSTRUCTION NO. 5**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

Plaintiff will then present evidence, and counsel for Defendants may cross-examine. Then Defendants may present evidence, and counsel for Plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CLOSING JURY INSTRUCTIONS**

**INSTRUCTION NO. 1**

Members of the jury: Now that you have heard all of the evidence and arguments, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**INSTRUCTION NO. 2**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

12

**INSTRUCTION NO. 3**

The evidence you are to consider in deciding what the facts are consists of:

    (1) the sworn testimony of any witness;

    (2) the exhibits which have been received into evidence; and

    (3) any facts to which the parties have agreed.

# INSTRUCTION NO.  4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Plaintiff's sworn testimony is evidence.  Arguments and statements by Defendants' attorney and by Plaintiff are not evidence.  At those times they were not witnesses. What they have said in their opening statements and closing arguments is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the litigants have stated them, your memory of them controls.

(2) Questions and objections by the litigants are not evidence.  They have a duty to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.  The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO.  5**

There are rules of evidence that control what can be received into evidence.  When a litigant asks a question or offers an exhibit into evidence and a litigant on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**INSTRUCTION NO.  6**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**INSTRUCTION NO.  7**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

**INSTRUCTION NO.  8**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

     (1)    the opportunity and ability of the witness to see or hear or know the things testified to;

     (2)    the witness's memory;

     (3)    the witness's manner while testifying;

     (4)    the witness's interest in the outcome of the case and any bias or prejudice;

     (5)    whether other evidence contradicted the witness's testimony;

     (6)    the reasonableness of the witness's testimony in light of all the evidence; and

     (7)    any other factors that bear on availability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**INSTRUCTION. NO. 9**

Plaintiff alleges Defendants violated his First Amendment Constitutional right to access the Ninth Circuit Court of Appeals by confiscating his opening appellate brief, or by ratifying that confiscation.  Defendants concede as follows that certain of Plaintiff's document were confiscated, but deny violating Plaintiff's First Amendment rights: "Defendants concede that unauthorized copies of Plaintiff's documents were confiscated . . . ."  To prevail on the First Amendment Constitutional right to access claim, Plaintiff must prove the following element by preponderance of the evidence.

First, that Plaintiff was denied access to the Ninth Circuit Court of Appeals by Defendant's confiscation of his opening brief for a pending appeal, or ratified its confiscation; and

Second, that Defendant's action concerning confiscation of the appellate brief referenced in the first element resulted in Plaintiff being denied access to the Ninth Circuit Court of Appeals.

**INSTRUCTION NO. 10**

Plaintiff also alleges a First Amendment retaliation claim concerning his pursuit of civil litigation in court.  In order to prove Defendants deprived Plaintiff of his First Amendment right, Plaintiff must prove the following elements by a preponderance of the evidence.

First, Plaintiff was accessing or seeking to access the Court which is conduct protected by the First Amendment;

Second, Defendants took adverse action against Plaintiff;

Third, Defendants took adverse action against Plaintiff because of Plaintiff's protected conduct;

Fourth, the adverse action taken by Defendants chilled Plaintiff's exercise of his First Amendment right or resulted in more than minimal harm to Plaintiff;

Fifth, the action taken by Defendants did not reasonably advance a legitimate correctional goal.

Adverse action is action that would chill an individual of ordinary firmness from engaging in that activity.

**INSTRUCTION NO. 11**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff on either his access to courts or his retaliation claim, you must determine Plaintiff's damages.  The purpose of damages is to provide compensation for injuries caused by the violation of a plaintiff's legal rights.  Damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was caused by Defendants.  Plaintiff has the burden of proving damages by a preponderance of the evidence.

Accordingly, no compensatory damages may be awarded absent proof of actual injury.  Moreover, compensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as impairment of reputation, personal humiliation, and/or mental anguish and suffering.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**INSTRUCTION NO. 12**

The law which applies to this case authorizes an award of nominal damages.  If you find for Plaintiff but you find that Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

**INSTRUCTION NO. 13**

You will be asked to make a determination if Defendants' conduct was malicious, oppressive or in reckless disregard of Plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring Plaintiff.  Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights, or if Defendants act in the face of a perceived risk that their actions will violate Plaintiff's rights under federal law.  An act or omission is oppressive if Defendants injure or damage or otherwise violate the rights of Plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of Plaintiff.

**INSTRUCTION NO.  14**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**INSTRUCTION NO. 15**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 16**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**INSTRUCTION NO. 17**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the United States Marshal's Representative that you are ready to return to the courtroom.

1
2
3
4
5
6
7
8
9
10
11
12
13
14                              **VERDICT FORM**
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6

                    IN THE UNITED STATES DISTRICT COURT

                  FOR THE EASTERN DISTRICT OF CALIFORNIA

7   REX CHAPPELL,                  )
                                   )      2:02-cv-02299-GEB-GGH-P
8                                  )
                  Plaintiff,       )
9                                  )      VERDICT FORM
                  v.               )
10                                 )
    D. MCCARGAR et. al.,           )
11                                 )
                  Defendants.      )
12  ───────────────────────────────)

13          We, the jury, unanimously find the following verdict:

14

15  Question No. 1: Did Defendant Hamad, on January 2, 2001,

16  confiscate Plaintiff's brief he had planned on filing in the

17  Ninth Circuit Court of Appeals?

18                            Answer: __ Yes __ No.

19

20  Question No. 2: Did Defendant McCargar, on January 2, 2001,

21  confiscate Plaintiff's brief he had planned on filing in the

22  Ninth Circuit Court of Appeals?

23                            Answer: __ Yes __ No.

24

25  If you answered yes to either question, continue responding to

26  questions.  If you answered questions 1 and 2 "no" then proceed

27  to the last page and sign and date this verdict form.

28

Question No. 3: Was Defendant Martel aware, on January 2, 2001, that Plaintiff's brief had been confiscated and refused to take any action ?

Answer: __ Yes __ No.

Question No. 4: Was Defendant Pliler aware, on January 2, 2001, that Plaintiff's brief was confiscated and refused to take any action ?

Answer: __ Yes __ No.

Question No. 5: Did Defendant Hamad's actions, on January 2, 2001, result in Plaintiff's Ninth Circuit case being dismissed thereby resulting in Plaintiff being denied access to the courts in violation of the First Amendment?

Answer: __ Yes __ No.

Question No. 6: Did Defendant McCargar's actions, on January 2, 2001, result in Plaintiff's Ninth Circuit case being dismissed thereby resulting in Plaintiff being denied access to the courts in violation of the First Amendment?

Answer: __ Yes __ No.

Question No. 7: Did Defendant Martel's actions, on January 2, 2001, result in Plaintiff's Ninth Circuit case being dismissed thereby resulting in Plaintiff being denied access to the courts in violation of the First Amendment?

Answer: __ Yes __ No.

Question No. 8: Did Defendant Pliler's actions, on January 2, 2001, result in Plaintiff's Ninth Circuit case being dismissed thereby resulting in Plaintiff being denied access to the courts in violation of the First Amendment?

                    Answer: __ Yes __ No.


Question No. 9: Did Defendant Hamad confiscate Plaintiff's brief in retaliation for his having filed complaints regarding prison law library procedures in violation of the First Amendment?

                    Answer: __ Yes __ No.


Question No. 10: Did Defendant McCargar confiscate Plaintiff's brief in retaliation for his having filed complaints regarding prison law library procedures in violation of the First Amendment?

                    Answer: __ Yes __ No.


Question No. 11: What is the amount of compensatory damages you award to Plaintiff against Defendant Hamad for her actions, on January 2, 2001, resulting in Plaintiff being denied access to the courts in violation of the First Amendment?

                    $ _____

If you entered an amount of more than $0, proceed to question No. 13. If you entered $0, proceed to question No. 12.


Question No. 12: If you have found that Plaintiff Rex Chappell is not entitled to compensatory damages and you have found that Defendant Hamad's actions, on January 2, 2001, resulted in

31

Plaintiff being denied access to the courts in violation of the
First Amendment, you must award an amount of nominal damages not
to exceed $1.00. What is your award of nominal damages?

$ _____

Question No. 13: Does Plaintiff prevail on his punitive damages
claim against Defendant Hamad on his claim that he was denied
access to the courts in violation of the First Amendment?

Answer: \_\_ Yes \_\_ No.

If yes, state the amount $ _____

Question No. 14: What is the amount of compensatory damages you
award to Plaintiff and against Defendant McCargar for his
actions, on January 2, 2001, resulting in Plaintiff being denied
access to the courts in violation of the First Amendment?

$ _____

If you entered an amount of more than $0, proceed to question No.
16. If you entered $0, proceed to question No. 15.

Question No. 15: If you have found that Plaintiff is not entitled
to compensatory damages and you have found that Defendant
McCargar's actions, on January 2, 2001, resulted in Plaintiff
being denied access to the courts in violation of the First
Amendment, you must award an amount of nominal damages not to
exceed $1.00. What is your award of nominal damages?

$ _____

Question No. 16: Does Plaintiff prevail on his punitive damages claim against Defendant McCargar based on this defendant's actions on January 2, 2001that denied Plaintiff access to the courts in violation of the First Amendment?

Answer: __ Yes __ No.

If yes, state the amount $ _____

Question No. 17: What is the amount of compensatory damages you award to Plaintiff and against Defendant Martel for his actions, on January 2, 2001, resulting in Plaintiff being denied access to the courts in violation of the First Amendment?

$ _____

If you entered an amount of more than $0, proceed to question No. 19. If you entered $0, proceed to question No. 18.

Question No. 18: If you have found that Plaintiff Rex Chappell is not entitled to compensatory damages and you have found that Defendant Martel's actions, on January 2, 2001, resulted in Plaintiff being denied access to the courts in violation of the First Amendment, you must award an amount of nominal damages not to exceed $1.00. What is your award of nominal damages?

$ _____

Question No. 19:  Does Plaintiff prevail on his punitive damages claim against Defendant Martel  based on this defendant's actions on January 2, 2001that denied Plaintiff access to the courts in violation of the First Amendment?

Answer: __ Yes __ No.

33

1          If yes, state the amount $ _____

2

3  Question No. 20: What is the amount of compensatory damages you

4  award to Plaintiff for Defendant Pliler's actions, on January 2,

5  2001, resulting in Plaintiff being denied access to the courts in

6  violation of the First Amendment?

7                      $ _____

8  If you entered an amount of more than $0, proceed to question No.

9  22. If you entered $0, proceed to question No. 21.

10

11  Question No. 21: If you have found that Plaintiff Rex Chappell is

12  not entitled to compensatory damages and you have found that

13  Defendant Pliler's actions, on January 2, 2001, resulted in

14  Plaintiff being denied access to the courts in violation of the

15  First Amendment, you must award an amount of nominal damages not

16  to exceed $1.00. What is your award of nominal damages?

17                      $ _____

18  Proceed to Question No. 22.

19

20  Question No. 22: Does Plaintiff prevail on his punitive damages

21  claim against Defendant Pliler based on this defendant's actions

22  on January 2, 2001that denied Plaintiff access to the courts in

23  violation of the First Amendment?

24                      Answer: __ Yes __ No.

25                      If yes, state the amount $ _____

26

27  Question No. 23: What is the amount of compensatory damages you

28  award to Plaintiff for Defendant Hamad's confiscation of

Plaintiff's brief in retaliation for his having filed complaints regarding prison law library procedures in violation of the First Amendment?

$ _____

If you entered an amount of more than $0, proceed to question No. 25. If you entered $0, proceed to question No. 24.

Question No. 24: If you have found that Plaintiff is not entitled to compensatory damages and you have found that Defendant Hamad, on January 2, 2001, confiscated Plaintiff's brief in retaliation for his having filed complaints regarding prison law library procedures in violation of the First Amendment, you must award an amount of nominal damages not to exceed $1.00. What is your award of nominal damages?

$ _____

Proceed to Question No. 25.

Question No. 25:  Does Plaintiff prevail on his punitive damages claim against based on Defendant Hamad's conduct of retaliating against Plaintiff for the exercise of his First Amendment rights?

Answer: __ Yes __ No.

If yes, state the amount $ _____

Question No. 26: What is the amount of compensatory damages you award to Plaintiff against Defendant McCargar for his having confiscated Plaintiff's brief in retaliation for his having filed complaints regarding prison law library procedures in violation of the First Amendment?

35

$ _____

If you entered an amount of more than $0, proceed to question No.
28. If you entered $0, proceed to question No. 27.


Question No. 27: If you have found that Plaintiff Rex Chappell is
not entitled to compensatory damages and you have found that
Defendant McCargar, on January 2, 2001, confiscated Plaintiff's
brief in retaliation for his having filed complaints regarding
prison lawlibrary procedures in violation of the First Amendment,
you must award an amount of nominal damages not to exceed $1.00.
What is your award of nominal damages?

$ _____

Proceed to Question No. 28.


Question No. 28: Does Plaintiff prevail on his punitive damages
claim against based on Defendant McCargar's conduct of retaliating
against Plaintiff for Plaintiff's exercise of his First Amendment
rights?

Answer: __ Yes __ No.

If yes, state the amount $ _____


Sign, Date, and return this verdict.


DATED: October ____, 2009

_____

Foreperson