IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REX CHAPPELL, Plaintiff, v. D. MCCARGAR et. al., Defendants. | 2:02-cv-02299-GEB-GGH-P <br><br> ORDER GRANTING AND DENYING PLAINTIFF'S MOTIONS IN LIMINE |

Plaintiff Rex Chappell moves in limine to exclude from trial Plaintiff's case filings other than the civil rights case that Plaintiff previously filed against Defendant McCargar and others -- Chappell v. Rios -- which was dismissed by the federal court, appealed by Plaintiff, and in which Plaintiff was allegedly prevented from filing his opening brief on appeal, resulting in dismissal of the appeal.  Plaintiff argues this proposed evidence should be excluded under Federal Rule of Evidence 403.  This motion is granted.

Plaintiff also moves in limine to exclude from trial any document which references Plaintiff's failure to pay filing fees to the Ninth Circuit.  This motion is also granted since the Ninth Circuit rejected Defendants filing fee argument as follows:

1

1
2
3
4
5
> The defendants assert that plaintiff's failure to pay the filing fee was the cause of the dismissal of his case rather than any conduct of defendants. However, plaintiff can't be faulted for failing to pay the filing fee. He was deprived of the documents required to pursue his appeal, so there would have been no point in paying the fee. The confiscation of legal materials was therefore a 'but for' cause of the dismissal.

6
7
Chappell v. McCargar, 152 Fed.Appx. 571, 2005 WL 2436472 at *2 (9th Cir. October 4, 2005).

8
9
10
11
This ruling also excludes references to evidence, testimony or argument relating to moneys that were in the closed bank account in Plaintiff's name, moneys available to Plaintiff to pay filing fees, and Plaintiff's purchase of a car for his daughter.

12
13
14
Plaintiff also moves in limine to exclude Defendants' expert witness. This motion is denied as moot since Defendants respond that they will not call an expert witness.

15
16
17
18
19
Lastly, Plaintiff moves in limine for an order excluding evidence of his felony convictions "dating back a significant period of time." Plaintiff argues this evidence should be excluded under Federal Rule of Evidence 403. Defendants counter as follows:

20
21
22
23
24
25
26
27
> [Plaintiff's] motion is apparently premised upon the belief that the chronological history designated by Defendants as a trial exhibit pertains to such convictions. It does not. The chronological history pertains to Chappell's movement within CDCR. It will become relevant at trial if Chappell testifies that he was housed where he was not housed, or that he was not housed where he was housed, at a particular time. He may do so if he thinks such testimony is necessary to explain certain events, or his failure to take certain actions. If he does not testify in a manner that contradicts his CDCR movement history, the chronological history will not be relevant for impeachment, and will not be offered into evidence.

28

2

1           Plaintiff rejoins "[t]he only place that the plaintiff was
2  housed that is relevant to this lawsuit is California Prison,
3  Sacramento.  That is where the plaintiff was housed when the events at
4  issue occurred and is the only facility relevant to this action."
5           Plaintiff's in limine motion concerning the "chronological
6  history designated by Defendants as a trial exhibit" is granted, since
7  Defendants have not shown this evidence is admissible in light of Rule
8  403 considerations and the fact that Plaintiff was only housed at
9  California Prison, Sacramento, when the issues being tried allegedly
10 occurred.
11          IT IS SO ORDERED.
12 Dated:  April 2, 2010

                              _____
                              GARLAND E. BURRELL, JR.
                              United States District Judge