IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REX CHAPPELL,                    )
                                 )      2:02-cv-02299-GEB-GGH-P
                                 )
            Plaintiff,           )
                                 )      SECOND TRANSMITTAL TO PARTIES OF
                                 )      TRIAL DOCUMENTS
            v.                   )
                                 )
D. MCCARGAR et. al.,             )
                                 )
            Defendants.          )
_____)

On October 5, 2009, Plaintiff filed a request in which he seeks to have the Court's draft jury instruction No.9 include the language "by denying him photocopy services," and that the Court's draft verdict form to be similarly modified.   Plaintiff argues these modifications would be in accord with the Ninth Circuit's decision in Chappell v. McCargar, 152 Fed.Appx. 571, 2005 WL 2436472 (October 04, 2005).   The Ninth Circuit stated in Chappell v. McCargar: "Chappell's main claims are that the defendants violated his right of access to the courts by confiscating his opening brief for a pending appeal (or ratifying its confiscation) and that the defendants denied him photocopying services and confiscated his legal materials in retaliation for Chappell's exercising his First Amendment right to raise grievances ." Id. at *1.   Defendants have not responded to Plaintiff's October 5, 2009 filing.   Therefore, the Court has attempted to reflect the modifications Plaintiff seeks in his October 5, 2009 filing in the below draft jury instructions and verdict form. The below modifications also seeks to include issues the Ninth Circuit in Chappell v. McCargar decided.

Dated:   April 6, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

**PRELIMINARY JURY INSTRUCTIONS**

**INSTRUCTION NO. 1**

Ladies and gentlemen: You are now the jury in this case.  It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**INSTRUCTION NO. 2**

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else.  Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Third, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Fourth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

**INSTRUCTION NO. 3**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**INSTRUCTION NO. 4**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**INSTRUCTION NO. 5**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

Plaintiff will then present evidence, and counsel for Defendants may cross-examine. Then Defendants may present evidence, and counsel for Plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**CLOSING JURY INSTRUCTIONS**

**INSTRUCTION NO. 1**

Members of the jury: Now that you have heard all of the evidence and arguments, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**INSTRUCTION NO. 2**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. 3**

The evidence you are to consider in deciding what the facts are consists of:

     (1) the sworn testimony of any witness;

     (2) the exhibits which have been received into evidence; and

     (3) any facts to which the parties have agreed.

**INSTRUCTION NO.  4**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO.  5**

There are rules of evidence that control what can be received into evidence.  When a litigant asks a question or offers an exhibit into evidence and a litigant on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**INSTRUCTION NO.  6**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**INSTRUCTION NO.  7**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

**INSTRUCTION NO.  8**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on availability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

16

**INSTRUCTION. NO. 9**

Plaintiff alleges Defendants violated his First Amendment Constitutional right to access the Ninth Circuit Court of Appeals by denying him photocopying services for his opening appellate brief, by confiscating his opening appellate brief, or by ratifying that confiscation. Plaintiff appealed a federal trial court's dismissal of his lawsuit against prison officials. However, this appeal was dismissed because Plaintiff did not timely file his appellate brief. Plaintiff did not pay the Ninth Circuit Court of Appeals filing fee; however, plaintiff cannot be faulted for failing to pay the filing fee, because Ninth Circuit stated if defendant deprived plaintiff of the documents Plaintiff needed to pursue his appeal, he would have had no reason to pay the filing fee. The First Amendment protects a prisoner's right to access or seek access to the Courts.

To prevail on his First Amendment Constitutional right to access the Courts claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

First, that Defendant denied Plaintiff photocopying services for his opening appellate brief, confiscated Plaintiff's opening brief , or ratified that confiscation;

Second, that Defendant's denial of Plaintiff photocopying services for his opening appellate brief, or ratification of that confiscation, frustrated or impeded Plaintiff's appeal causing the Ninth Circuit Court of Appeals to dismiss Plaintiff's appellate case.

**INSTRUCTION NO. 10**

Plaintiff also alleges a First Amendment retaliation claim concerning his pursuit of civil litigation in court.  Under the First Amendment, Plaintiff has the right to be free from retaliation for filing a prison grievance or pursuing civil litigation in court.

To prove Defendant deprived Plaintiff of this First Amendment right, Plaintiff must prove each of the following elements by a preponderance of the evidence.

First, Plaintiff was engaged in activity protected by the First Amendment;

Second, Defendant took adverse action against Plaintiff;

Third, Defendant took adverse action against Plaintiff because of Plaintiff's protected activity;

Fourth, the adverse action taken by Defendant chilled Plaintiff's exercise of his First Amendment right or resulted in more than minimal harm to Plaintiff;

Fifth, the action taken by Defendant did not reasonably advance a legitimate correctional goal.

Adverse action is action that would chill an individual of ordinary firmness from engaging in that activity.

18

**INSTRUCTION NO. 11**

I am required to instruct you about the measure of damages.  By instructing you on damages, I do not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff on either his access to courts or his retaliation claim, you must determine Plaintiff's damages.  The purpose of damages is to provide compensation for injuries caused by the violation of a plaintiff's legal rights.  Damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was caused by Defendants.  Plaintiff has the burden of proving damages by a preponderance of the evidence.

Accordingly, no compensatory damages may be awarded absent proof of actual injury.  Moreover, compensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as impairment of reputation, personal humiliation, and/or mental anguish and suffering.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

19

**INSTRUCTION NO. 12**

The law which applies to this case authorizes an award of nominal damages.  If you find for Plaintiff but you find that Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

**INSTRUCTION NO. 13**

You will be asked to make a determination if Defendants' conduct was malicious, oppressive or in reckless disregard of Plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring Plaintiff.  Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights, or if Defendants act in the face of a perceived risk that their actions will violate Plaintiff's rights under federal law.  An act or omission is oppressive if Defendants injure or damage or otherwise violate the rights of Plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of Plaintiff.

**INSTRUCTION NO.  14**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**INSTRUCTION NO. 15**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 16**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**INSTRUCTION NO. 17**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that will be given to you, sign and date it, and advise the United States Marshal's Representative that you are ready to return to the courtroom.

1
2
3
4
5
6
7
8
9
10                    **VERDICT FORM**
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REX CHAPPELL,                    )
                                 )    2:02-cv-02299-GEB-GGH-P
              Plaintiff,         )
                                 )    <u>VERDICT FORM</u>
              v.                 )
                                 )
D. MCCARGAR et. al.,             )
                                 )
              Defendants.        )
_____)

          We, the jury, unanimously find the following verdict:

Question No. 1(a): Did Defendant Hamad, on January 2,2001, deny photocopying services to the Plaintiff with respect to the brief Plaintiff had planned on filing in the Ninth Circuit Court of Appeals?

                         Answer: __ Yes __ No.

Question No. 1(b): Did Defendant Hamad, on January 2, 2001, confiscate Plaintiff's brief he had planned on filing in the Ninth Circuit Court of Appeals?

                         Answer: __ Yes __ No.

Question No. 2(a): Did Defendant McCargar, on January 2, 2001, deny photocopying services to the Plaintiff with respect to the

brief Plaintiff had planned on filing in the Ninth Circuit Court
of Appeals?

                                            Answer: __ Yes __ No.

Question No. 2(b): Did Defendant McCargar, on January 2, 2001,
confiscate Plaintiff's brief he had planned on filing in the Ninth
Circuit Court of Appeals?

                                            Answer: __ Yes __ No.

If you answered yes to any of these questions, continue responding
to questions. If you answered all the above questions "no" then
proceed to the last page and sign and date this verdict form.

Question No. 3: Was Defendant Martel aware, on January 2, 2001,
that Plaintiff's legal brief had been confiscated and refused to
take any action?

                                            Answer: __ Yes __ No.

Question No. 4:  Was Defendant Pliler aware, on January 2,2001,
that Plaintiff's legal brief had been confiscated and refused to
take any action?

                                            Answer: __ Yes __ No.

Question No. 5(a): Did Defendant Hamad's actions, on January 2,
2001, frustrate or impede Plaintiff's appeal of the dismissal of
his underlying case?

                              Answer: __ Yes __ No.


Question No. 5(b): Did Defendant Hamad's actions, on January 2,
2001, result in the dismissal of Plaintiff's appellate case?

                              Answer: __ Yes __ No.


Question No. 6(a): Did Defendant McCargar's actions, on January 2,
2001, frustrate or impede Plaintiff's appeal of the dismissal of
his underlying case?

                              Answer: __ Yes __ No.


Question No. 6(b): Did Defendant McCargar's actions, on January 2,
2001, result in the dismissal of Plaintiff's appellate case?

                              Answer: __ Yes __ No.



Question No. 7(a): Did Defendant Martel's actions, on January 2,
2001, frustrate or impede Plaintiff's appeal of the dismissal of
his underlying case?

                              Answer: __ Yes __ No.


Question No. 7(b): Did Defendant Martel's actions, on January 2,
2001, result in the dismissal of Plaintiff's appellate case?


                              Answer: __ Yes __ No.

Question No. 8(a): Did Defendant Pliler's actions, on January 2, 2001, frustrate or impede Plaintiff's appeal of the dismissal of his underlying case?

                    Answer: __ Yes __ No.

Question No. 8(b): Did Defendant Pliler's actions, on January 2, 2001, result in the dismissal of Plaintiff's appellate case?


                    Answer: __ Yes __ No.


Question No. 9: Did Defendant Hamad deny photocopy services to Plaintiff or confiscate Plaintiff's legal brief in retaliation for Plaintiff having filed complaints regarding prison law library procedures in violation of his First Amendment right?

                    Answer: __ Yes __ No.


Question No. 10: Did Defendant McCargar deny photocopy services to Plaintiff or confiscate Plaintiff's legal brief in retaliation for Plaintiff having filed complaints regarding prison law library procedures in violation of his First Amendment right?

                    Answer: __ Yes __ No.


If you answered YES to any of the above questions, continue responding to the questions.  If you answered NO to all of the above questions, then proceed to the last page and sign and date this verdict form.

Question No. 11: If you answered YES to questions 5(a) and 5(b), finding Defendant Hamad's actions denied Plaintiff access to the courts in violation of the First Amendment on January 2, 2001, what is the amount of compensatory damages you award to Plaintiff?

$ _____

If you entered an amount of more than $0, proceed to question No. 13. If you entered $0, proceed to question No. 12.


Question No. 12: If you have found that Plaintiff is not entitled to compensatory damages but you have found that Defendant Hamad's actions on January 2, 2001, denied Plaintiff access to the courts in violation of the First Amendment, you must award an amount of nominal damages not to exceed $1.00. What is your award of nominal damages?

$ _____


Question No. 13: If you answered YES to questions 5(a) and 5(b), finding Defendant Hamad's actions on January 2, 2001, denied Plaintiff access to the courts in violation of the First Amendment, does Plaintiff prevail on his punitive damages claim against Defendant Hamad?

Answer: __ Yes __ No.

If yes, state the amount $ _____


Question No. 14: If you answered YES to questions 6(a) and 6(b), finding Defendant McCargar's actions denied Plaintiff access to the courts in violation of the First Amendment on January 2, 2001, what is the amount of compensatory damages you award to Plaintiff?

$ _____

If you entered an amount of more than $0, proceed to question No.
16. If you entered $0, proceed to question No. 15.


Question No. 15: If you have found that Plaintiff is not entitled
to compensatory damages but you have found that Defendant
McCargar's actions, on January 2, 2001, denied Plaintiff access to
the courts in violation of the First Amendment, you must award an
amount of nominal damages not to exceed $1.00. What is your award
of nominal damages?

$ _____


Question No. 16: If you answered YES to questions 6(a) and 6(b),
finding Defendant McCargar's actions on January 2, 2001, denied
Plaintiff access to the courts in violation of the First
Amendment, does Plaintiff prevail on his punitive damages claim
against Defendant McCargar?

Answer: __ Yes __ No.

If yes, state the amount $ _____


Question No. 17:  If you answered YES to questions 7(a) and 7(b),
finding Defendant Martel's actions denied Plaintiff access to the
courts in violation of the First Amendment on January 2, 2001,
what is the amount of compensatory damages you award to Plaintiff?

$ _____

If you entered an amount of more than $0, proceed to question No.
19.  If you entered $0, proceed to question No. 18.

Question No. 18: If you have found that Plaintiff is <u>not</u> entitled to compensatory damages <u>but</u> you have found that Defendant Martel's actions, on January 2, 2001, denied Plaintiff access to the courts in violation of the First Amendment, you must award an amount of nominal damages not to exceed $1.00. What is your award of nominal damages?

$ _____

Question No. 19:  If you answered YES to questions 7(a) and 7(b), finding Defendant Martel's actions on January 2, 2001 denied Plaintiff access to the courts in violation of the First Amendment, does Plaintiff prevail on his punitive damages claim against Defendant Martel?

Answer: __ Yes __ No.

If yes, state the amount $ _____

Question No. 20: If you answered YES to questions 8(a) and 8(b), finding Defendant Pliler's actions denied Plaintiff access to the courts in violation of the First Amendment on January 2, 2001, what is the amount of compensatory damages you award to Plaintiff?

$ _____

If you entered an amount of more than $0, proceed to question No. 22. If you entered $0, proceed to question No. 21.

Question No. 21: If you have found that Plaintiff is <u>not</u> entitled to compensatory damages <u>but</u> you have found that Defendant Pliler's actions, on January 2, 2001, denied Plaintiff  access to the courts in violation of the First Amendment, you must award an amount of

nominal damages not to exceed $1.00. What is your award of nominal damages?

$ _____

Proceed to Question No. 22.


Question No. 22: If you answered YES to questions 8(a) and 8(b), finding Defendant Pliler's actions on January 2, 2001 denied Plaintiff access to the courts in violation of the First Amendment, does Plaintiff prevail on his punitive damages claim against Defendant Pliler?

Answer: __ Yes __ No.

If yes, state the amount $ _____


Question No. 23: If you find Plaintiff is entitled to compensatory damages for his First Amendment retaliation claim against Defendant Hamad, in which Plaintiff alleges he was retaliated against for having filed complaints regarding prison law library procedures, state the amount of damages?

$_____

25. If you entered $0, proceed to question No. 24.


Question No. 24: If you have found that Plaintiff is not entitled to compensatory damages and you have found that Defendant Hamad, on January 2, 2001, denied photocopy services to Plaintiff or confiscated Plaintiff's legal brief or legal materials in retaliation for Plaintiff having filed complaints regarding prison law library procedures in violation of Plaintiff's First Amendment

right, you must award Plaintiff an amount of nominal damages not to
exceed $1.00. If you find Plaintiff recovers nominal damages, what
is the amount?

$ _____

Proceed to Question No. 25.

Question No. 25:  If you answered YES to question 10, finding
Defendant Hamad denied Plaintiff photocopying services, or
confiscated Plaintiff's legal brief or legal materials in
retaliation for Plaintiff having filed complaints regarding prison
law library procedures in violation of the First Amendment, does
Plaintiff prevail on his punitive damages claim against Defendant
Hamad?

Answer: __ Yes __ No.

If yes, state the amount $ _____

Question No. 26: If you find Plaintiff is entitled to compensatory
damages for his First Amendment retaliation claim against Defendant
McCargar, in which Plaintiff alleges he was retaliated against for
having filed complaints regarding prison law library procedures,
state the amount of damages?

$_____

If you entered an amount of more than $0, proceed to question No.
28. If you entered $0, proceed to question No. 27.

Question No. 27: If you have found that Plaintiff is <u>not</u> entitled
to compensatory and have found that Defendant McCargar, on January

35

2,2001, denied photocopy services to plaintiff or confiscated

Plaintiff's legal brief or legal materials in retaliation for

Plaintiff having filed complaints regarding prison law library

procedures in violation of Plaintiffs First Amendment right, you

must aware an amount of nominal damages not to exceed $ 1. What is

your award of nominal damages?

$ _____

Proceed to Question No. 28.

Question No. 28: If you answered YES to question 10, finding

Defendant McCargar confiscated Plaintiff's legal brief, denied

Plaintiff photocopying services, or confiscated Plaintiff's legal

brief or legal materials in retaliation for Plaintiff having filed

complaints regarding prison law library procedures in violation of

the First Amendment, does Plaintiff prevail on his punitive damages

claim against Defendant McCargar?

Answer: __ Yes __ No.

If yes, state the amount $ _____

Sign, Date, and return this verdict.

DATED:

_____

Foreperson