IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
REX CHAPPELL,                        )
                                     )    2:02-cv-02299-GEB-KJM
           Plaintiff,                )
                                     )
     v.                              )    TENTATIVE RULING ON THREE
                                     )    JURY INSTRUCTIONS AND ORDER
D. MCCARGAR, D. HOFFMAN, M.          )    REJECTING DEFENDANTS'
MARTEL, C. PLILER, and D. HAMAD,     )    CONSTRUCTION OF PRETRIAL
                                     )    ORDER
           Defendants.               )
_____)
```

The parties have requested modifications to certain of the proposed jury instructions and verdict form, which were transmitted to the parties on April 6, 2010. The parties' respective requests are discussed separately below.

**A.   Proposed Jury Instruction No. 9**

On July 9, 2010, Defendants filed "Objections to Court's Proposed Jury Instruction No. 9 and Verdict Form," requesting the court use an earlier proposed jury instruction no. 9 and verdict form, which were transmitted to the parties in October of 2009. (Docket No. 161, 3:10-11.) Defendants argue the earlier draft of instruction no. 9 and verdict form should be used because the current proposed instruction states the Ninth Circuit dismissed Plaintiff's Chappell v. Rios appeal for failing to timely file his appellate brief, when, in fact, it was

1

1  dismissed before the brief was due. (Id., 3:3-6.) Defendants further
2  argue the proposed instruction improperly inserts a claim outside the
3  scope of the April 10, 2009 pretrial order, i.e. that Defendants'
4  alleged denial of photocopying services could form the basis of
5  Plaintiff's denial of access claim. (Id., 4:18.)  Defendants further
6  argue: "When [Plaintiff] submitted his proposed jury instructions,
7  Plaintiff asked the Court to modify Proposed Instruction no. 9 'in
8  accord with the decision by the Ninth Circuit Court of Appeals that
9  stated that the plaintiff could show a deprivation of his rights by the
10 confiscation of his brief, the ratification of the confiscation of his
11 brief, *and the denial of photocopying services*.' (CR 109; emphasis in
12 the original.)" (Id., 3:14-18.) Defendants' contend: "the Court of
13 Appeals found that Chappell's claim that Defendants denied him photocopy
14 services was part of his retaliation claim, not part of his claim of
15 denial of access to the courts. The denial of access to the courts claim
16 [rests] solely on Chappell's claim that his brief was confiscated."
17 (Id., 3:24-27.)  Lastly, Defendants argue that "[t]he pretrial order
18 does not encompass a claim for denial of copy services[;]" therefore,
19 that claim is not a trial issue unless the final pretrial order is
20 modified under Federal Rule of Civil Procedure 16.  Defendants contend
21 only the five disputed factual issues in the pretrial order have been
22 preserved for trial. (Id., 4:1-18.)
23          Plaintiff filed a Response to Defendants' Objections on July
24 12, 2010. (Docket No. 162.) Plaintiff agrees in his response that
25 proposed instruction No. 9 should be modified to reflect that the Ninth
26 Circuit dismissed <u>Chappell v. Rios</u> before Plaintiff's opening brief was
27 due. (Id., 2:2-3.) However, Plaintiff disagrees with Defendants'
28 position that the earlier draft of instruction No. 9 should be used.

(Id., 2:3-5.) Instead, Plaintiff proposed a revised instruction, which Plaintiff argues "more accurately reflects the Ninth's Circuit's ruling, as well as the conclusion reached by the Ninth Circuit Court of Appeals that the conduct alleged, if proven to be true, would be deemed a violation of Plaintiff's First Amendment right of access to the courts." (Id., 2:5-8.) Plaintiff also requests the proposed verdict form be revised to conform with his proposed revision of jury instruction no. 9. (Id., 2:22-24.)  Plaintiff also proposed a revision of jury instruction no. 10.  Plaintiff's proposed revised jury instructions nos. 9 and 10 indicate that he agrees with Defendant that his denial of access to the courts claim is based solely on his allegation that his brief was confiscated, and that he contends his retaliation claim includes his allegation that denial of his request for photocopying services constituted retaliation.

Defendants' argument that the pretrial order does not encompass a claim for denial of photocopying services fails to consider the "POINTS OF LAW" portion of the pretrial order in which the court prescribes: "The parties shall brief the elements, standards and burden of proof of plaintiff's claims under the applicable constitutional amendment, statutes and regulations. Trial briefs shall be filed with this court no later than ten days prior to the date of trial in accordance with Local Rule 16-285."  In the trial brief Defendants filed on September 17, 2009, Defendants include the following issues when discussing Plaintiff's claim: "Defendants concede that unauthorized copies of Plaintiff's document were confiscated because the copy request had not been properly approved; the document did not meet the copy procedure criteria; and Plaintiff refused to conform his photocopy request to what the library was allowed to copy.  Had Plaintiff agreed

to conform his photocopy request to what the library was allowed to copy, his original document [sic] have then been copied." (Id., 2:15-20.) Further, Defendants argue in their trial brief "that Plaintiff litigated his *Rios* appeal in spite of any difficulties obtaining photocopies . . . " (Id., 4:14-15.)

Since the "POINTS OF LAW" section of the Pretrial Order authorized the parties to "brief the elements, standards and burden of proof of plaintiff's claims," that order permitted Defendants to include as a trial issue the photocopying services issue Defendants included in their trial brief. See L.R. 285 (Fed.R.Civ.P. 16)(stating that a trial brief shall include "a short statement of facts; . . . and . . . a summary of points of law, including reasonably anticipated disputes concerning admissibility of evidence, legal arguments, and citations of authority in support thereof."). Essentially, the Pretrial Order authorized issues included in a trial brief to be preserved for trial if the issue concerns an element of plaintiff's claims. Even in the situation where a particular issue is "not listed as an issue for trial in the pretrial order, the issue is a trial issue if construction of the pretrial order reveals the issue has been preserved for trial. This is because "[a] pretrial order . . . should be liberally construed to permit any issues at trial that are 'embraced within its language.'" Miller v. Safeco Title Ins. Co., 758 F.2d 364, 368 (9th Cir. 1985)(citing and quoting United States v. First National Bank of Circle, 652 F.2d 882, 886-87 (9th Cir.1981). Only "particular evidence or theories which are not at least implicitly included in the order are barred . . . " United States v. First Nat. Bank of Circle, 652 F.2d at 886. For the stated reasons, Defendants argument that the photocopying services issue is not a trial issue is unpersuasive and rejected.

4

Therefore, proposed revision to jury instructions no. 9 is as follows: "Plaintiff alleges that each Defendant violated his First Amendment Constitutional right to access the Ninth Circuit Court of Appeals. To prevail on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant confiscated Plaintiff's opening appellate brief, or ratified the confiscation of that brief."

**B.  Proposed Jury Instruction No. 10**

As referenced above, Plaintiff also proposed a revision of jury instruction no. 10 in his Response to Defendants' Objections on July 12, 2010. Plaintiff argues the proposed revision is necessary because the current proposed instruction includes as an element that the alleged retaliation must have a "chilling effect," on Plaintiff's exercise of his First Amendment right, which the Ninth Circuit held is unnecessary in this case, where "'the retaliation was itself a direct deprivation of plaintiff's First Amendment right to access to the courts. Because plaintiff alleges direct First Amendment violations, we need not reach the question of whether he alleged a chilling effect associated with the defendants' alleged retaliatory actions in his First Amendment relation claim.'" (Docket No. 162, 2:27-3:3 (quoting the September 15, 2005 Ninth Circuit Memorandum in <u>Chappell v. McCargar</u>, (9th Cir. 2005).)

Therefore, proposed revision to jury instructions no. 10 is as follows:

> Plaintiff also alleges a First Amendment retaliation claim concerning his pursuit of grievances against Defendants. Plaintiff has the right under the First Amendment to be free from retaliation for filing a prison grievance or pursuing civil litigation in court.

    To prevail on this claim, Plaintiff must prove each of the following elements by a preponderance of the evidence.

    First, Plaintiff engaged in activity protected by the First Amendment;

    Second, that the Defendant took some adverse action against the Plaintiff;

    Third, that the Defendant took adverse action against the Plaintiff because of Plaintiff's protected activity; and

    Fourth, that the action taken by the Defendant did not reasonably advance a legitimate correctional goal.

    Protected First Amendment activity includes a prisoner's right to file a prison grievance and to pursue civil rights litigation in a court.

**C.   Proposed Jury Instruction 13**

    Plaintiff has also requested modification to proposed jury instruction no. 13, which concerns punitive damages. Plaintiff argues further instruction is needed "to assist the jury in making its findings with respect to punitive damages." (Docket No. 162, 22-23.) Plaintiff's proposed revisions, including an instruction on the clear and convincing evidence standard are based upon state law and the Judicial Council of California Civil Jury Instructions. (Id., 24-5.) Plaintiff's argument concerning the applicable burden of proof is incorrect, as punitive damages are proved by a "preponderance of the evidence" in section 1983 cases. (See Comment to Ninth Circuit Model Civil Jury Instructions No. 5.5 "Punitive Damages" and <u>Adams v. Pinole Point Steel Co.</u>, No. C 92-1962 MHP, 1995 WL 73088, at *5 (N.D. Cal. Feb. 10, 1995).)

    Therefore, proposed revision to jury instruction no. 13 is as follows:

    If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and

6

to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

These proposed changes to the jury instructions and corresponding changes to the verdict form will be provided to the parties in a revised set of proposed jury instructions and verdict form. However, for the

reasons above, Defendants' construction of the Pretrial Order is unpersuasive and rejected.

Dated: July 13, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge